UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

SAUDER MANUFACTURING
COMPANY,

    Plaintiff,

v.

J SQUARED, INC. d/b/a UNIVERSITY
LOFT COMPANY,

    Defendant

Case No.

Hon.
Magistrate Judge

---

Timothy E. Eagle (Ohio Bar No. 0037972)
Varnum LLP
*Attorneys for Plaintiff*
P. O. Box 352
Grand Rapids, MI 49501-0352
(616) 336-6000 / (616) 337-7000 Fax
teeagle@varnumlaw.com

Thomas N. Young (Michigan Bar No.
P22656) (motion for pro hac vice admission
to be submitted separately)
Young Basile Hanlon & MacFarlane, PC
*Attorneys for Plaintiff*
3001 W. Big Beaver Road, Suite 624
Troy, MI 48084
(248) 649-3333 / (248) 649-3338 Fax
young@youngbasile.com

---

## COMPLAINT

NOW COMES Sauder Manufacturing Company ("Sauder"), by and through its attorneys, to complain against J Squared, Inc. for patent infringement, deceptive trade practices, and unfair competition as set forth herein.

## PARTIES, JURISDICTION AND VENUE

1. Sauder is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 930 W. Barre Road, Archbold, Ohio.

2. Defendant J Squared, Inc. d/b/a University Loft Company ("University Loft") is an Indiana corporation having its principal place of business at 2588 Jannetides Boulevard, Greenfield, Indiana 46140.

3. This action arises in principal part under the patent laws of the United States, Title 35 U.S. Code and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b), 1367 and otherwise. This Court also enjoys diversity jurisdiction, there being diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. It also arises in part under the laws of Ohio relating to deceptive trade practices, O.R.C. § 4165.02.

4. Personal jurisdiction over University Loft is vested in the United States District Court for the Northern District of Ohio because, *inter alia*, University Loft has knowingly and purposefully directed its wrongful acts to this forum by advertising, marketing and offering for sale via a website accessible in this forum, a convertible chair product embodying Sauder's patented inventions and, further, Defendant has, upon information and belief, actively solicited sales of the chair to at least two customers located in Ohio.

5. Venue is proper under 28 USC § 1391(b)-(c) as University Loft resides in this district by virtue of doing relevant business in this district and has committed acts of infringement, deceptive trade practices, and unfair competition having a damaging effect on Plaintiff in this district and elsewhere.

{YB:00160623.DOCX }                              2

## GENERAL ALLEGATIONS

6. Sauder and its parent company, Sauder Woodworking, Inc., have for over 75 years manufactured and sold furniture for a number of markets. One of the specific markets served by Sauder is the education market, including furniture for colleges and universities. In 2006, Sauder introduced into the market its TREY® multifunction task chair. The TREY® multifunction task chair is a full-height chair designed to easily convert into a floor rocker with a table/stool unit.

7. Sauder's TREY® chair/rocker/table has been, since its introduction, a commercial success. The Sauder TREY® chair has received accolades in the marketplace including the People's Choice Award at the 2007 New Product Design Awards and PC Game Editor's Choice (PC Games magazine, January 2008).

8. Sauder's TREY® chair is protected in part by Design Patent No. D585,204, duly and legally issued by the U. S. Patent and Trademark Office on January 27, 2009, entitled "CHAIR AND COUPLING COMPANION STOOL BASE". Sauder is the owner by assignment of the '204 Design Patent and continues to hold all rights and interest in the '204 Patent. A copy of the '204 Design Patent is attached as Exhibit A.

9. Sauder's TREY® chair is further protected through the November 19, 2013 grant of utility patent no. 8,585,136, a copy of which is attached as Exhibit B. On May 3, 2012, the U.S. Patent and Trademark Office gave public notice of the potential grant of patent rights to Sauder through a publication numbered US 2012/0104806 A1. Sauder is the owner by assignment of the '136 Patent and continues to hold all rights and interest in the '136 Patent.

10. Sauder informed University Loft of the '204 Patent at least as early as June 27, 2012 through correspondence directed University Loft's attorneys. On information and belief, University Loft was aware of the '204 Patent and the '806 Publication before June 27, 2012.

## UNIVERSITY LOFT'S INFRINGING PRODUCT

11. University Loft operates a website having the universal resource locator (URL) http://www.uloft.com which is accessible throughout the United States, including throughout the State of Ohio and this judicial district. The University Loft website directs individuals looking to purchase single retail units to, *inter alia*, authorized Retail Outlets or Online Dealers and, further, invites individuals looking to purchase single retail units to browse "University Loft's Complete Product Line" and to make the "final purchase through a retail store". The University Loft website invites those "wishing to purchase in wholesale quantities or interested in becoming a dealer of LOFT products" to browse University Loft's "Complete Product Line" and directs those individuals to an inquiry link to request more information. The University Loft website directs prospective purchasers to a "Product Line" subcategory through buttons captioned, *inter alia*, "Furniture for Colleges and Universities." Under a subcategory "Office Chairs" University Loft's website product offering includes its "Wave Chair" with advertising copy "Is it a desk chair? A gaming rocker? A workstation? Yes."

12. Upon information and belief University Loft manufactures and/or imports or has arranged for the manufacture and/or import by others, and offers for sale, markets and/or sells the University Loft "Wave" chair to colleges and universities in Ohio and other states. The Wave chair incorporates the patented inventions protected by Sauder's patents, as aforesaid University Loft's sales activities include advertisements featuring the "Wave Chair" published in the "Talking Stick" newsletter of the Association of College and University Housing Offices, in

{YB:00160823.DOCX }    4

the State of Ohio, and distributed throughout Ohio including, on information and belief, in this district and elsewhere in the State of Ohio, as well as outside Ohio. A brochure depicting the "Wave Chair" is attached hereto as Exhibit C.

13. Sauder has not authorized, licensed or otherwise consented to University Loft's aforementioned activities.

14. The aesthetic ornamental design of the University Loft "Wave" product is strikingly similar to Sauder's patented TREY® chair and would appear substantially and confusingly similar to an ordinary observer to the design protected by the '204 Patent. A side-by-side comparison is shown below. The Wave Chair further incorporates the salient and unique features of the TREY® chair.



University Loft web page image[1]　　　　　　Fig. 10 of Sauder '204 Patent

### FIRST CLAIM FOR RELIEF

(Infringement of U. S. Patent No. D585,204)

15. Sauder incorporates by reference as if herein fully written paragraphs 1-14 of this Complaint.

---

[1] http://www.uloft.com/images/Office_chairs/wave-chair/wave_alt_8733_72.jpg

16. University Loft has directly, indirectly, contributorily and/or by inducement infringed and continues to infringe the '204 Patent by making, having made, using selling and/or offering to sell in the United States and/or importing into the United States combination chair/rocker/stool units, including the aforementioned University Loft "Wave Chair", which embody the design covered by the '204 Patent.

17. University Loft's infringement of the '204 Patent has caused and continues to cause monetary damage to Sauder and to Sauder's reputation, the monetary damage arising in large part from lost sales revenues and are in an amount that can only be determined by an accounting.

18. University Loft's infringement as alleged will continue to cause immediate and irreparable harm to Sauder for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

19. Upon information and belief, University Loft's infringement of the '204 Patent is willful and deliberate, entitling Sauder to University Loft's entire profits under 35 USC § 289 and to increased damages under 35 USC § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 USC § 285.

## SECOND CLAIM FOR RELIEF

(Infringement of U. S. Patent No. 8,585,136)

20. Sauder incorporates by reference as if herein fully written paragraphs 1-19 of this Complaint.

21. University Loft has directly, indirectly, contributorily and/or by inducement infringed and continues to infringe the '136 Utility Patent by making, having made, using,

selling and/or offering to sell in the United States and/or importing into the United States combination chair/rocker/stool units, including the aforementioned University Loft "Wave Chair", which embody the invention covered by one or more claims of the '136 Patent.

22. University Loft has directly, indirectly, contributorily and/or by inducement infringed upon Sauder's provisional patent rights in the '136 Patent pursuant to 35 U.S.C. 154(d), with actual notice of the '806 Publication and the '136 patent, by making, having made, using, selling and/or offering to sell in the United States and/or importing into the United States combination chair/rocker/stool units, including the aforementioned University Loft "Wave Chair", which embody the invention covered by one or more of the claims of the '136 Patent.

23. University Loft's infringement of the '136 Patent has caused and continues to cause damage to Sauder in an amount that can only be determined through discovery and an accounting.

24. University Loft's infringement as alleged has caused and will continue to cause irreparable harm to Sauder.

25. Upon information and belief, University Loft's infringement of the '136 Patent is and has been willful and deliberate, entitling Sauder to increased damages under 35 USC § 284 and to attorney's fees and costs incurred in prosecuting this action under 35 USC § 285.

### THIRD CLAIM FOR RELIEF

(Unfair Competition and Deceptive Trade Practices)

26. Sauder incorporates by reference paragraphs 1-25 of this Complaint.

27. University Loft falsely and erroneously claims in its advertising materials that the University Loft "Wave Chair" was an University Loft innovation:

\* \* \*

And then there's the University Loft Wave Chair. Talk about innovative! University Loft created this modern marvel to make student residence life, well, more about the student! The ultra-versatile Wave Chair is part desk chair, part gaming rocker and part laptop deck. ... Each one might inspire you to say "Why didn't I think of that?" Of course, the answer is "Because University Loft already did![2]

\* \* \*

... I am reminded of the **original and continuing innovation of University Loft Company and ULoft's student residence life furniture.** On a recent Shark Tank show, controversial millionaire owner of the Dallas Mavericks Mark Cuban made this statement: "First there's (sic) the innovators. Then there's the imitators. Then there's the idiots." Since the mid-1980s, University Loft Company has been an innovator, and, everyone else...well, you be the judge. I mean, how many other college furniture manufacturers continually innovate and bring to market ideas like ... the Wave Chair, part desk chair, notebook computer desk and part gaming rocker?[3]

\* \* \*

If you know **University Loft Company** founder James Jannetides, you know that these aren't just words; they are his promise: *"We are always learning, always innovating, and always improving ... our environment, our products, and our*

---

[2] http://uloft.com/blog/university-furniture/why-didnt-i-think-of-that-thankfully-university-loft-did/ (Nov. 12, 2012).
[3] http://uloft.com/blog/university-furniture/university-loft-is-built-on-innovation-the-shark-tank-sharks-might-love/ (Feb. 25, 2013).

*service. We are University Loft Company."* ... His singular visionary approach to constant innovation and improvement is a cornerstone of what sets University Loft apart from other student furniture companies. ... Through the years, Jannetides and ULoft have learned from the campus living experience and applied that learning to make better student residence furniture products. This learning has led to innovations like the Wave Chair ...[4]

* * *

28. The foregoing advertisements are materially false in a number of respects, including, but not limited to the following:

    a. Stating or implying that University Loft was the first to conceive of a chair which is part desk chair, part gaming rocker and part laptop desk when, in fact, it was Sauder who first conceived of such a product and University Loft merely copied it.

29. University Loft's advertisements actually deceive or have the tendency to deceive a substantial segment of customers/consumers and/or potential customers/consumers as to their origination of product designs and integrity.

30. The false statements of fact contained in University Loft's advertisements are material and are likely to influence the purchasing decisions of customers/consumers and/or potential customers/consumers, as well as to disparage or damage Sauder's reputation and good will.

---

[4] http://uloft.com/blog/general/james-jannetides-and-university-loft-commit-to-always-learning-always-innovating-and-always-improving/ (Mar. 18, 2013).

31.     On information and belief, University Loft willfully made such statements knowing that they were false or with reckless disregard for the truth for at least the reason that Sauder previously informed University Loft of Sauder's earlier patented innovations including by correspondence on June 27, 2012 and December 22, 2012. Further, University Loft became aware of Sauder's TREY® chair during the pendency of its own application for design patent coverage.

32.     University Loft's false and erroneous claims have and continue to damage Sauder's reputation for integrity and the creation and introduction of innovative products by creating the false impression that Sauder's TREY® chair is a copy of University Loft's "original" innovation—when in fact, it is University Loft's "Wave Chair" that mimics Sauder's prior innovation.

33.     University Loft's misleading and false statements constitute deceptive trade practices under O.R.C. § 4165.02 and/or unfair competition under applicable state and/or federal statutes or common law.

34.     Sauder has been or is likely to be injured as a result of the foregoing, either by direct diversion of sales to Defendant or by damage to Sauder's goodwill and/or reputation and/or confusion in the marketplace as to a rightful claim to originality in the convertible task chair concept.

35.     University Loft's engagement in deceptive trade practices and/or unfair competition entitle Sauder to injunctive relief, actual damages, and/or attorney's fees pursuant to O.R.C. § 4165.03 and/or other damages as provided for under applicable state and/or federal statutes or common law.

## **PRAYER FOR RELIEF**

WHEREFORE, Sauder prays for the following relief:

1. A judgment that University Loft has infringed the '204 Patent in violation of 35 USC § 271;

2. A judgment that University Loft has infringed the '136 Patent in violation of 35 USC § 271;

3. A judgment that University Loft has engaged in acts of deceptive trade practices and/or unfair competition in violation of state and/or federal law;

4. An Order and Judgment preliminarily and permanently enjoining University Loft and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of Sauder's '204 Patent and/or Sauder's '136 Patent pursuant to 35 USC § 283;

5. An Order and Judgment preliminarily and permanently enjoining University Loft and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of deceptive trade practices and/or unfair competition pursuant to applicable state or federal law;

6. An accounting of all damages sustained as a result of University Loft's acts as alleged herein;

7. A judgment awarding Sauder all damages adequate to compensate for University Loft's infringement of Sauder's '204 Patent and/or '136 Patent, for University Loft's acts of

{YB:00160623.DOCX }

patent infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law, including University Loft's total profits under 35 USC § 289, Sauder's lost profits, and enhanced damages up to and including treble damages based on any infringement found to be willful pursuant to 35 USC § 284, and including pre-issuance royalties pursuant to 35 USC § 154(d);

8.  A judgment awarding Sauder all damages adequate to compensate for University Loft's acts of deceptive trade practices and/or unfair competition, including all pre-judgment and post-judgment interest at the maximum rate permitted by law, including enhanced damages and/or attorney's fees based on any infringement or conduct found to be willful to the extent permitted by applicable law;

9.  A judgment or order that this case be decreed an "exceptional case" within the meaning of 35 USC § 285 or otherwise, and that reasonable attorney's fees and costs be awarded to Sauder; and

10. Such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Sauder demands a trial by jury as to all issues so triable in this case.

Respectfully submitted,

s/ Timothy E. Eagle
Timothy E. Eagle (Ohio Bar No. 0037972)
Varnum LLP; Bridgewater Place
P. O. Box 352
Grand Rapids, Michigan 49501-0352
(616) 336-6000; Fax (616) 336-7000
teeagle@varnumlaw.com
*Attorneys for Plaintiff*

Dated: May 2, 2014